IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LEONA M. MARTIN, | ) |
| | ) Case No. 4:07CV00024 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that the Commissioner of Social Security's ("Commissioner") final decision denying Leona M. Martin's ("Plaintiff") claim for benefits be affirmed. The Plaintiff filed objections to the Report. I reviewed the Magistrate Judge's Report, Plaintiff's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will ADOPT the Magistrate Judge's Report and REJECT the Plaintiff's objections.

I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Magistrate Judge's Report explains the background of this case in sufficient detail, and I need not repeat it here. Plaintiff's objections are as follows: (1) That the Magistrate Judge mischaracterized the ALJ's findings on the severity of the Plaintiff's Crohn's Disease and depression; (Pl. Obj. 2.) (2) That the ALJ did not have substantial evidence to support the determination that Plaintiff's depression did not meet the durational requirements; (Pl. Obj. 2.) (3) That the ALJ and Magistrate Judge improperly assigned Dr. Tessmann greater weight than Dr. Williams; (Pl. Obj. 3.) and (4) That the ALJ improperly articulated Plaintiff's limitations to the Vocational Expert ("VE"). (Pl. Obj. 4.)

1

## II.    STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision when: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g) (2003); *see also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The regulations charge the Commissioner of Social Security with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

## III.    DISCUSSION

Initially, in evaluating Plaintiff's claims of disability, the ALJ properly used the five step analysis found in 20 C.F.R. § 404.1520(a) (2006). Under that test, the ALJ first determined that Plaintiff had not been performing substantial gainful activity. (R. at 14.) If she had, she would

2

not have qualified as disabled under the regulations. 20 C.F.R. § 404.1520(b). The ALJ then determined that Plaintiff suffers from several severe impairments, including degenerative disc disease of the sacrolumbar spine and a history of Crohn's disease and intermittently recurring depression. (R. at 14.) However, the ALJ determined that her major depression involved mild symptoms which responded well to medication, and that "there is no evidence or reason to believe that it would remain a severe impairment for more than 12 consecutive months to meet the durational requirements." (R. at 18.) The ALJ then determined that the impairments or a combination thereof did not meet or equal a listed impairment in Appendix 1 of 20 C.F.R. § 404, Subpart P. (R. at 18.) Therefore, the ALJ was required to determine Plaintiff's residual functioning capacity[1] ("RFC") and if, based on that capacity, she could return to her prior work. 20 C.F.R. §§ 404.1520(e)–(f). The ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work. (R. at 18.) Plaintiff would be unable to return to her prior relevant work. (R. at 21.) However, considering her age, education, experience, and RFC, there are many jobs available that she could perform. (R. at 22.) Therefore, she was determined not to be disabled. (R. at 24.)

---

[1] "Residual Functional Capacity" is defined as the most an individual can do after considering the relevant impairments. 20 C.F.R. § 404.1545 (2006).

Plaintiff's first objection is that the Magistrate Judge mischaracterized the ALJ's findings on the severity of the Plaintiff's Crohn's disease and depression. Specifically, Plaintiff states:

> The Magistrate Judge found that the depression and Crohn's disease were not severe because they did not meet the duration requirements of 20 CFR § 404.1509. However, the Administrative Law Judge must have found that the durational requirements were met as the sequential process was continued contrary to the regulatory requirement to cease consideration in [*sic*] the impairments were not "severe."

(Pl. Obj. 2.) This argument is baseless. The fact that the ALJ continued on in the analysis is a reflection of the fact that other impairments, such as degenerative disc disease, needed to be addressed. It in no way is an indication that the ALJ intended an outcome in direct contradiction to the ALJ's actual language, which states that "there is no evidence or reason to believe that it would . . . meet the durational requirements." (R. at 18.)

Plaintiff's second objection is that the ALJ did not have substantial evidence to support the determination that Plaintiff's depression did not meet the durational requirements. In support of her argument, Plaintiff points to reports stretching from November 2004 to July 2005. (Pl. Obj. 2–3.) These do not demonstrate a twelve month period of disability. Further, Plaintiff has not had any significant mental health treatment since her appointments with at Piedmont Community Services. In fact, at those visits, which stretched between December 2004 and April 2005, the physician noted that she had a "very positive response to Wellbutrin." (R. at 268.) Thus there was substantial evidence to support the ALJ's determination that Plaintiff's depression could not meet the durational requirement of 20 C.F.R. §§ 404.1509, 416.909.

Plaintiff's third objection is that the ALJ and Magistrate Judge improperly assigned Dr. Tessmann greater weight than Dr. Williams. (Pl. Obj. 3.) As the Magistrate Judge pointed out,

the ALJ must consider the following in weighing medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006).

It seems that both doctors saw the patient once. However, Plaintiff was seen by others at Dr. Tessmann's practice and Dr. Tessmann had the advantage of reviewing the records from those visits as well. The opinion of Dr. Tessmann, therefore, was generated from a series of visits, as opposed to the single meeting that Plaintiff had with Dr. Williams.

Dr. Tessmann's opinion is further bolstered by the fact that Plaintiff received no major treatment for her depression for years and had responded well to medication. This assignment of a course of treatment and subsequent follow-up is precisely why the treatment relationship prong is critical. Though I agree with Plaintiff's assertion that a psychiatrist's opinion is not automatically more reliable than that of a psychologist, it does carry more weight where the issue is the patient's response to medication. For these reasons there is substantial evidence to support the ALJ's conclusion and Plaintiff's objection is erroneous.

Plaintiff's final objection is that the ALJ improperly articulated Plaintiff's limitations to the Vocational Expert ("VE"). (Pl. Obj. 4.) Specifically, Plaintiff asserts:

> Regulations require the Social Security Administration to produce evidence that other work exists by use of the residual functional capacity and vocational factors. Thus, it is incumbent on the Administrative Law Judge to articulate hypotheticals that accurately list all the exertional and non exertional limitations to the Vocational Expert.
> …
> Indeed, the Administrative Law Judge found that Ms. Martin had medically determinable severe impairments of degenerative disc disease of the sacrolumbar

5

spine, depression and Crohn's disease.  Yet his hypotheticals to the Vocational
Expert didn't include the exertional and non exertional restrictions to performance
of job related activities that these findings require.

(Pl. Obj. 4–6.)  The ALJ presented the following hypothetical:

There is a person who can do sedentary work, as well, as carry ten pounds
(INAUDIBLE) able to stand or walk or at least try, sit about six hours in an eight-
hour day.  [With] the following additional limitations (INAUDIBLE) activities on
occasion, as climbing, balance, and stooping, kneeling, crawling on occasion . . .
a person who's the same age as the claimant and has the same educational
background and past work experience.

(R. at 383.)  The VE responded that positions would be available for a person in such condition.  The ALJ then added the additional limitation that the individual could only accomplish "simple tasks," but the VE stated that jobs were still available for such a person.  (R. at 384.)

It is true that these are not the limitations that Plaintiff wished that the ALJ had found.  Plaintiff claimed pain of much greater intensity and duration, but the ALJ did not find these entirely credible.  (R. at 20.)  These findings were the result of Plaintiff's ailments, including the Crohn's disease, depression, and disc disease.  Hence it was proper for the ALJ to form the hypothetical with these limitations in mind.  Plaintiff's suggestion that the ALJ should have asked about an individual with Crohn's disease, depression, and disc disease is incorrect.  Each of these impairments presents a range of limitations, and the hypothetical would not have given the VE the context he needed to properly answer the inquiry.  Plaintiff's final objection is therefore denied.

## IV.     CONCLUSION

For reasons stated herein, I will ADOPT the Magistrate Judge's Report and REJECT Plaintiff's Objections.  I will GRANT Defendant's Motion for Summary Judgment.  The Clerk

6

Case 4:07-cv-00024-JLK-BWC   Document 28   Filed 08/08/08   Page 6 of 7   Pageid#: 102

will be directed to send this Opinion and the accompanying Order to all counsel of record, and to DISMISS the case from the docket of this Court.

Entered this 8th day of August, 2008.

s/Jackson L. Kiser<br>Senior United States District Judge